USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD JOSEPH TENORE,

                         Plaintiff,

        -against-

DOMINIC PORRETTO; GARY TENORE;
GARY CUBA; WILLIAM MAKER,

                         Defendants.

25-CV-0974 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his due process rights in the course of his eviction. By order dated February 6, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

On February 3, 2025, Plaintiff filed a first amended complaint as of right. (ECF No. 5.) On October 18, 2025, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 12). On March 12, 2026, the court granted Plaintiff 30 days' leave to amend his pleading. (ECF No. 13). That order specified that if Plaintiff failed to file a second amended complaint within 30 days, the court would review the first amended complaint. (*Id*. at 2.) Plaintiff did not file a second amended complaint; the first amended complaint is therefore the operative pleading. In that pleading, he names as defendants: (1) Dominic Porretto, a marshal involved in entering Plaintiff's home, allegedly without a valid warrant, and evicting him; (2) Gary Tenore, Plaintiff's brother and the executor of the estate that owns the home from which Plaintiff was evicted; (3) Gary Cuba, Defendant Tenore's attorney; and (4) William Maker, who appears to be an attorney.

For the following reasons, the Court: (1) dismisses, for failure to state a claim, all claims against Defendant Maker, against whom Plaintiff makes no allegations at all, and (2) directs service on Defendants Porretto, Tenore, and Cuba.

**DISCUSSION**

**A.   Defendant Maker**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff names William Maker as a defendant in this action, but in the body of the complaint, he makes no allegations whatsoever against this defendant. It is therefore unclear what Defendant Maker is alleged to have done to Plaintiff to violate his rights. Because the complaint fails to provide notice of the conduct for which Plaintiff seeks to hold Defendant Maker liable, he has failed to state a claim against this defendant. The Court therefore dismisses, for failure to state a claim, all claims against Defendant Maker. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint in which he makes allegations against Defendant Maker.

2

**B.      Service on Defendants Porretto, Tenore, and Cuba**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Porretto, Tenore, and Cuba through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Porretto, Tenore, and Cuba.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant William Maker. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

The Clerk of Court is instructed to issue a summons for Defendants Dominic Porretto, Gary Tenore, and William Maker, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service, including the operative pleading at ECF No. 5.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

.

Dated:  April 30, 2026
        White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Dominic Porretto
        Marshal
        Mamaroneck Village Courthouse
        169 Mt. Pleasant Avenue
        Mamaroneck, NY 10543

2.      Gary Tenore
        167 Halstead Avenue
        Harrison, NY 10528

3.      Gary Cuba
        271 North Avenue, Suite 1115
        New Rochelle, NY 10801